IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 11 B 06866 |
| ) | Hon. John H. Schmetterer |
| Syed Mustak ) | |
| ) | Chapter 13 |
| ) | |
| Debtor ) | |
| --------------------------------------------------- ) | |
| In re: ) | |
| ) | Adversary Case No. 11-00784 |
| Syed Mustak ) | |
| ) | |
| ) | |
| Debtor/Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Harris N.A. ) | |
| ) | |
| Creditor/Defendant ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of fact are based on the filed Findings of Fact Complaint.

A. **The Parties**

1. The Plaintiff is Syed Mustak ("Plaintiff").

2. The Defendant is Harris N.A. ("Defendant").

B. **Factual Background**

1. On February 22, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 5124 Tamarack Court, Hoffman Estates, Illinois (the "Property").

3. Harris N.A. holds a first mortgage lien on the Property, with a secured claim of approximately $521,107.77 (the "First Mortgage").

4. The Defendant holds a second mortgage lien on the Property of approximately $108,357.00 (the "Second Mortgage").

5. The fair market value of the Property at the time of the filing of Plaintiff's bankruptcy case number 11-06866 was $498,500.00.

6. On or about March 28, 2011, Plaintiff issued a Summons and Complaint to strip off a secondary lien on the Property.

7. On or about March 30, 2010, a copy of the Summons and Complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified Mail, to an officer of the Defendant at 111 W. Monroe Street, Chicago, IL 60603.

8. The summons indicated that a motion or answer was required within 30 days of issuance. To date, no responsive pleading has been filed.

9. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

10. No evidence has been presented to challenge the fair market value of $498,500.00.

11. The First Mortgage in the amount of approximately $521,107.77 exhausts the value and equity in the Property.

12. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

1. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(a) and §1334(b).

2. Venue is proper pursuant to 28 U.S.C. §1409.

3. This action was initiated under 11 U.S.C. §506(a) and F. R. Bankr. P. 3012.

4. The Plaintiff scheduled the first Harris N.A. mortgage secured claim in the amount of $521,107.77 and the second Harris N.A. mortgage secured claim in the amount of $108,357.00.

5. The value of Plaintiff's residence is $498,500.00.

6. There is no value or equity to support the Second Mortgage of Harris N.A. The Second Mortgage lien of Harris N.A. is not a claim secured at all by a security interest in Plaintiff's residence, as the term is used in §1332(b) of the Bankruptcy Code. The Chapter 13 plan may value the collateral under F.R. Bankr. P. 3012 and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the plan by the Plaintiff/Debtor, and entry of the discharge. *Nobelman v. Am. Sav. Bank, 508 U.S. 324 (1993), In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr. N.D. Ill., January 29, 2010).

_____
United States Bankruptcy Judge

MAY 0 2 2011

5/2/11